FILED

2014 Jul-22  AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY W. MIMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 5:13-CV-00672-CLS** |
| | ) | |
| **TENNESSEE VALLEY** | ) | |
| **AUTHORITY BOARD OF** | ) | |
| **DIRECTORS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gregory W. Mims, commenced this action on April 10, 2013, by asserting claims for race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 *et seq.*, and age discrimination under Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, against his employer, the Tennessee Valley Authority ("TVA").[1]  The case currently is before the court on defendant's motion for partial judgment on the pleadings.[2] Upon consideration of the motion, pleadings, and briefs, the court concludes the motion is due to be granted in part and denied in part.

## I. STANDARD OF REVIEW

---

[1] Doc. no. 1 (Complaint).

[2] Doc. no. 11.

Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

> "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232-33 (11th Cir. 2005). [A court must] accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Cannon*[ *v. City of West Palm Beach*], 250 F.3d [1299,] 1301[ (11th Cir. 2001)].

*Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) (alterations supplied). "Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Jiles v. United Parcel Service, Inc.*, 413 F. App'x 173, 174 (11th Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

While the applicable pleading standard does not require "detailed factual allegations," *Twombly*, 550 U.S. at 550, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

2

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.,* at 556.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id*., at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d, at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis added) (first alteration supplied, second alteration in original).

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, a black male, was fifty-nine years old when he filed this complaint on April 10, 2013.[3]  He began working for TVA in 1990 as a lineman, and he began applying for promotions to line foreman in 2005.[4]  In March of 2012, plaintiff applied for a line foreman position in Alabama (Vacant Position Announcement ("VPA") 30814).[5]  Despite the fact that plaintiff was qualified to be a line foreman, a younger white man with less experience was selected for the position in late April of 2012.[6]  Plaintiff also states:

> 16.  During the course of his employment with TVA, Plaintiff has observed a pattern of qualified black males losing positions and promotions to lesser qualified white employees.  Plaintiff alleges that

---

[3] Complaint ¶ 8.

[4] *Id.* ¶¶ 9-10.

[5] *Id.* ¶¶ 11, 14.

[6] *Id.* ¶¶ 11, 13, 15.

4

TVA has a long history and past record of failing to employ and promote blacks and other minorities.

17.  Plaintiff alleges that the selection process used by TVA, its interview process and the "Matrix" have a disparate impact on black employees seeking to be promoted.[7]

Based on those factual allegations, plaintiff first asserts a claim for race discrimination under Title VII.[8]  His race discrimination claim is based upon both disparate treatment and disparate impact theories.[9]  Plaintiff also asserts a claim for age discrimination in violation of the ADEA.[10]  He seeks compensatory damages, liquidated damages, past and future lost wages, lost benefits, attorney's fees, and costs.[11]

## III. DISCUSSION

Defendant has moved for judgment on the pleadings with regard to plaintiff's disparate impact and pattern and practice theories of race discrimination.  Defendant's motion does not address plaintiff's disparate treatment race discrimination claim, or

---

[7] *Id.* ¶¶ 16-17.  Plaintiff does not explain what the "Matrix" is, but from a review of the administrative decision appended to plaintiff's response brief, it appears that the reference is to a scoring matrix used to evaluate applicants during the application process.  *See* doc. no. 17-7, at 2 ("Rating each resume on a scale from zero to five, Mr. Westmoreland used a selection matrix to assess the candidates' qualifications."), 3 ("Interview responses were scored by the interviewing panel and then captured on the selection matrix.").

[8] Complaint ¶¶ 18-23 (Count I).

[9] *Id.* ¶ 23.

[10] *Id.* ¶¶ 24-29 (Count II).

[11] *Id.* ¶ 30.

any aspects of plaintiff's age discrimination claim.

## A.    Disparate Impact

Plaintiff alleged in his complaint that "the selection process used by TVA, its interview process and the 'Matrix'[12] have a disparate impact on black employees seeking to be promoted."[13]  Defendant argues that judgment on the pleadings should be granted on plaintiff's disparate impact theory of discrimination because plaintiff has not alleged sufficient facts to support the claim.  Specifically, defendant asserts that "plaintiff's disparate impact claim is devoid of any factual enhancement and consists of nothing more than the label 'disparate impact' along with a generalized conclusory statement about TVA hiring practices."[14]

The disparate impact theory of discrimination under Title VII

prohibits *neutral* employment practices which, while non-discriminatory on their face, visit an adverse, disproportionate impact on a statutorily-protected group. *See Griggs v. Duke Power Co.*, 401 U.S. 424, 431, 91 S. Ct. 849, 853, 28 L. Ed. 2d 158 (1971) (explaining that Title VII "proscribes not only overt discrimination but also practices that are fair in form, but discriminatory in operation"); *see also In re Employment*[ *Discrimination Litigation Against State of Alabama*], 198 F.3d [1305,] 1311[ (11th Cir. 1999)]; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1117 (11th Cir. 1993).  The doctrine seeks the removal of employment obstacles, not required by business necessity, which create "'built-in headwinds'" and freeze out protected groups from job

---

[12] *See* note 7, *supra.*

[13] Complaint ¶ 17.

[14] Doc. no. 12 (defendant's initial brief), at 6.

opportunities and advancement.  *Griffin v. Carlin*, 755 F.2d 1516, 1524 (11th Cir. 1985) (quoting *Griggs*, 401 U.S. at 431-32, 91 S. Ct. 849).  As the district court correctly identified, "[t]he premise of disparate impact theory is that some employment practices, adopted without a deliberately discriminatory motive, may be the functional equivalent of intentional discrimination." [*E.E.O.C. v. ]Joe's Stone Crab*, 969 F. Supp. [[727,] 735[ (S.D. Fla. 1997)].  In essence, disparate impact theory is a doctrinal surrogate for eliminating unprovable acts of intentional discrimination hidden innocuously behind facially-neutral policies or practices.

*E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000) (alterations to case citations supplied, emphasis and other alteration in original).  The *prima facie* case for a disparate impact claim requires proof that

> (1) there is a significant statistical disparity between the proportion of members of the protected class available in the labor pool and the proportion of members of the protected class hired; (2) there is a specific, facially neutral employment practice; and (3) a causal nexus exists between the employment practice and the statistical disparity.

*Jefferson v. Burger King Corp.*, 505 F. App'x 830, 834 (11th Cir. 2013) (citing *Joe's Stone Crab*, 220 F.3d at 1274).

> "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case, it must provide 'enough factual matter (taken as true) to suggest' intentional . . . discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), and *Twombly*, 127 S. Ct. at 1965).  In addition to containing well-pleaded factual allegations, complaints must also meet the "plausibility standard" set forth in *Twombly* and *Iqbal*.  *See Iqbal*, 129 S. Ct. at 1949–50.

*Bowers v. Board of Regents of University System of Georgia*, 509 F. App'x 906, 910 (11th Cir. 2013).

Plaintiff's bare allegations fall far short of satisfying the pleading standard. Even though plaintiff has cryptically identified defendant's "selection process," "interview process," and "Matrix" as the, presumably, facially-neutral employment practices that allegedly produce a racially adverse impact, he has not offered any statistics about the number of blacks in the available labor pool, the number of black applicants, or the number of blacks hired for the position. In fact, there is *no* factual information whatsoever about why defendants' employment practices have a disparate impact on black employees seeking promotions; there is only plaintiff's conclusory statement that the disparate impact is present.

Plaintiff asserts that the court should excuse his failure to provide more detailed factual allegations, because no statistical data was produced during TVA's administrative investigation into plaintiff's complaint, and because he has no way to access that data without the benefit of formal discovery.[15] He asks the court for a period of limited discovery in order to gather more detailed information, and the

---

[15] *See* doc. no. 17 (plaintiff's response brief), at 8 ("In cases without a thorough EEOC investigation or civil discovery, a plaintiff will rarely have data that will show disparate impact. Disparate impact cases by their nature require data in the employers' possession. A requirement that Plaintiff must allege facts or statistics showing disparate impact would effectively read disparate impact out of the law and would give employers a powerful incentive to stonewall data requests.").

opportunity to amend his complaint after the discovery is complete.

Plaintiff correctly points out that "[v]ery few courts have addressed the disparate impact cases after *Iqbal/Twombly*. Even fewer have addressed the burden in a disparate impact case where all necessary information is in the defendant's possession."[16] This court agrees that, despite the pleading requirements discussed in the *Twombly* and *Iqbal* decisions, a plaintiff asserting a disparate impact claim should not be required to plead facts that are in the exclusive control of the employer. Accordingly, defendant's motion for judgment on the pleadings will be denied with regard to plaintiff's disparate impact claim. Even so, the court sees no need for a bifurcated discovery process. Plaintiff should to proceed to discovery on his disparate impact claim according to the usual discovery procedures. The court will revisit the issue of disparate impact, if necessary, at summary judgment after the close of discovery.

## B.  Pattern and Practice

Plaintiff alleged in his complaint that, "[d]uring the course of his employment with TVA, [he] has observed a pattern of qualified black males losing positions and promotions to lesser qualified white employees," and that TVA has "a long history and past record of failing to employ and promote blacks and other minorities."[17]

---

[16] *Id.* at 7 (alteration supplied).

[17] Complaint ¶ 16 (alterations supplied).

Defendant asserts that this "pattern and practice" claim must be dismissed because, in the Eleventh Circuit, "a private litigant is not permitted to maintain a claim of pattern and practice discrimination unless such claim is brought (and certified) as a class action."[18]  Plaintiff did not dispute this argument in his response brief,[19] and Eleventh Circuit authority supports defendant's position.  *See Davis*, 516 F.3d at 965 ("A pattern or practice claim for [declaratory and injunctive relief against an ongoing act of intentional discrimination] may also be brought under Title VII as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2), by one or more of the similarly situated employees.") (alteration supplied); *Rollins v. Alabama Community College System*, 814 F. Supp. 2d 1250, 1316 (M.D. Ala. 2011) ("In *Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955 (11th Cir. 2008), the Eleventh Circuit held that a private litigant cannot maintain a pattern or practice claim unless it is brought as a class action and the class is ultimately certified.").  Accordingly, defendant's motion for judgment on the pleadings is due to be granted with regard to plaintiff's pattern or practice discrimination claim.

## IV. CONCLUSION AND ORDERS

In accordance with the foregoing, defendant's motion for judgment on the pleadings is GRANTED in part and DENIED in part.   All claims of race

---

[18] Doc. no. 12 (defendant's brief), at 14.

[19] *See* doc. no. 17 (plaintiff's response brief).

discrimination based upon a pattern-and-practice theory of discrimination are DISMISSED with prejudice.  Plaintiff's disparate impact and disparate treatment theories of race discrimination remain pending, as does his age discrimination claim.

It is further ORDERED that the stay on discovery[20] is LIFTED.  The parties are directed to proceed immediately to discovery on all remaining claims in accordance with the Uniform Initial Order.[21]

DONE this 22nd day of July, 2014.

United States District Judge

---

[20] *See* doc. no. 15 (order staying discovery pending further order of the court).

[21] Doc. no. 10.